IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-41399
Summary Calendar
_____

BENNIE J. WAGNER

                                    Plaintiff-Appellant,

versus

CITY OF MOUNT VERNON; COUNTY OF FRANKLIN; CHARLES J. WHITE; EDDIE
TURNER

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(5:97-CV-218)

_____

June 2, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Appellant Bennie J. Wagner argues that the jury verdict in her
wrongful termination suit should be reversed because the trial
court's supplemental jury instruction confused and misled the jury.
We disagree and affirm the jury's verdict.

     A trial judge enjoys wide latitude in deciding how to respond
to a question from the jury. *See United States v. Mann*, 161 F.3d
840, 864 (5th Cir. 1998).  "On appeal, the charge must be
considered as a whole, and so long as the jury is not misled,
prejudiced, or confused, and the charge is comprehensive and

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fundamentally accurate, it will be deemed adequate and not reversible error." *Bradshaw v. Freightliner Corp.*, 937 F.2d 197, 200 (5th Cir. 1991).

While deliberating, the jury sent a note to the court asking, "Does Title VII mandate an employer to create a previously nonexistent position if an employee is not able to continue in their existing capacity due to pregnancy?" The court answered, "No." Wagner argues that the question revealed the jury's misunderstanding of the issues and that the court exacerbated the confusion by answering the question instead of referring the jury back to the original charge, which Wagner maintains was sound. Wagner does not dispute that the court's answer was legally correct; instead, Wagner argues that the issue presented by the question was irrelevant to the case.

In this wrongful termination suit, the jury considered two interrogatories. First: "Do you find from a preponderance of the evidence that Plaintiff was terminated from her job by Defendant?" And, if the jury answered the first interrogatory in the affirmative: "Do you find from a preponderance of the evidence that Plaintiff was terminated from her job because of her gender and/or pregnancy?" The jury answered the first question in the negative; that is, it found that Wagner had not been terminated. Thus, the jury never reached the second interrogatory.

The jury's question pertained to whether the defendants had terminated Wagner based on her sex. However, the jury's ultimate finding -- that Wagner was not terminated at all -- renders

2

unnecessary any discussion of the jury's possible confusion regarding the standard for wrongful termination. That is, the jury found that Wagner had not been terminated; thus, the jury's question regarding the circumstances under which the defendants would be liable for wrongful termination did not affect the outcome.

AFFIRMED.